# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL NAVARRETE MEZA,<br><br>   Plaintiff,<br>vs.<br>JONATHAN DAVIS,<br><br>   Defendant. | CASE NO. 09cv365 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Complaint (Doc. #8).

## Background

On November 12, 2008, Plaintiff Luiz Manuel Navarrete Meza ("Meza") initiated this action by filing a claim against Jonathan Davis ("Davis") in San Diego Small Claims Court *Not. of Removal*, Exhibit A. Meza sought to recover $7,500.00 from Davis for property damage resulting from a motor vehicle accident. On February 25, 2009, the United States removed the action to this Court (Doc. #1), pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2). The Notice of Removal alleges that Davis was active duty United States Navy; that the San Diego Small Claims Court entered a judgment against Davis; and that Davis appealed the judgment to San Diego Superior Court. The Notice of Removal alleges that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et. seq.*, is the exclusive remedy for a person, such as Meza, with a claim for loss of property allegedly resulting from the negligent or wrongful actions of federal employees, such as Davis.

On April 23, 2009, the United States filed the Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. #8). The United States contends that Meza did not submit an administrative claim to the Department of the Navy prior to filing this civil action. In support of this contention, the United States submitted the Declaration of Patricia A. Leonard, the Director of the Claims and Tort Litigation Division, Office of the Judge Advocate General, Department of the Navy. Leonard attests that she is responsible for the supervision and monitoring of the practices and procedures relative to all administrative claims presented to the Department of the Navy arising under the FTCA. Leonard attests that "all reasonable searches have failed to reveal that the plaintiff, Luiz Manuel Navarrete Meza, has filed such an administrative claim and, to the best of my knowledge and belief, the plaintiff, Luiz Manuel Navarrete Meza, has not filed an administrative claim with or against the Department of the Navy based on the subject matter of this action." *Leonard Decl.,* pp.1-2. Defendant states:

> Prior to filing his property damage action against Jonathan Davis, Plaintiff was required to present an administrative claim to the Navy. His failure to exhaust this remedy divests this Court of subject matter jurisdiction to hear this case. As the result, Defendant respectfully requests that this case be dismissed.

*Mot. to Dismiss,* p. 7.

Plaintiff has not filed any opposition to the Motion to Dismiss.

### **Applicable Law**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004).

The United States, as a sovereign, is immune from suit. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). A federal district court only has subject matter jurisdiction over a suit against the United States when sovereign immunity has been waived. *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 435 (1989). "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States." *Roberts v. United States,* 498 F.2d 520, 525 (9th Cir. 1974). A waiver of sovereign immunity as contained in any statute "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192 (1996).

The FTCA "is the exclusive remedy for tort actions against a federal agency." *Kennedy v. United States Postal Service,* 145 F.3d 1077, 1078 (9th Cir. 1998). Pursuant to the FTCA, a jurisdictional prerequisite to bringing a lawsuit in federal court against the United States in tort is the filing of an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a); *Jerves v. United States,* 966 F.2d 517, 518-19 (9th Cir. 1992). Thus, "'[t]he statutory procedure is clear.' A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves,* 966 F.2d at 519. A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

### **Ruling of the Court**

Meza has failed to allege or submit any evidence to demonstrate that he presented an administrative claim to the Department of the Navy prior to initiating this action. Meza does not assert that Davis is not a member of the United States Navy, or that the FTCA is not the exclusive remedy for his claim against Davis. Meza has not exhausted his administrative remedies under the FTCA by filing in small claims court because small claims court is not a federal agency. The Court concludes that Meza has failed to establish that he exhausted his administrative remedies prior to initiating this lawsuit, which is a jurisdictional prerequisite to maintaining a civil action under the FTCA. The Court concludes that it lacks subject matter

1 jurisdiction on grounds that Meza failed to exhaust his administrative remedies. The Court
2 grants the Motion to Dismiss.

3      IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 8) is **GRANTED.** The
4 above-captioned action is **DISMISSED.**

5 DATED: June 5, 2009

                                        */s/ William Q. Hayes*
                                    **WILLIAM Q. HAYES**
                                    United States District Judge